**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIOLETA DUSHAJ,

    Plaintiff,

v.

    Case No:

    Hon.

MAYCO INTERNATIONAL LLC, a
Michigan limited liability company,

    Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Violeta Dushaj (hereinafter "Dushaj"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Violeta Dushaj, is a resident of the City of Sterling Heights, County of Macomb and State of Michigan.

2.    Defendant, Mayco International LLC (hereinafter "Mayco") is a Domestic Limited Liability Company, whose resident agent is Tim Bradley and whose registered office address is 42400 Merrill Road, Sterling Heights, Michigan 48314 and who is duly authorized to do business in the State of Michigan.

3.    Jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting violations of the Family Medical Leave Act ("FMLA") and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Violeta Dushaj, is a female who began her employment with Mayco on October 22, 2013 and is currently employed as a machine operator.

8. Beginning in April/May 2017 Plaintiff began to be sexually harassed by her immediate supervisor.

9. Despite multiple complaints to Defendant's Human Resources Department and the Michigan Department of Civil Rights, nothing was done to stop or prevent the harassment, but instead Plaintiff was retaliated against for complaining of sexual harassment including an unpaid suspension.

10. On or about August 8, 2017 Plaintiff engaged in a protected activity under the ELCRA and filed a suit in the Macomb County Circuit Court for sexual harassment and retaliation, Case No. 17-2900-CD.

11. As a result of the sexual harassment and retaliation, Plaintiff suffered from depression and anxiety and was approved for intermittent FMLA leave in December, 2017 and on or about January 6, 2018 Defendant cancelled Plaintiff's intermittent FMLA leave.

12. On or about May 3, 2018 the Macomb County Circuit Court dismissed Case No. 17-2900-CD pursuant to a Stipulated Order of Dismissal.

13. In late June, 2018 Plaintiff's depression got worse and Plaintiff missed work on June 30 and July 1, 2018.

14. Plaintiff's depression was a serious medical condition under the FMLA.

15. On July 2, 2018 Plaintiff requested intermittent FMLA leave for June 30, 2018 and July 1, 2018.

16. Plaintiff's June 30 and July 1, 2018 absences were within the twelve (12) month period in which Plaintiff was approved for intermittent FMLA and Plaintiff had not exhausted her FMLA leave.

17. On July 11, 2018 Plaintiff provided Defendant with all necessary FMLA paperwork.

18. Defendant never told Plaintiff to provide additional information or that the medical records she provided were insufficient.

19. Defendant denied Plaintiff's request for FMLA in part for retaliation for her lawsuit against it for sexual harassment.

20. On or about July 31, 2018 Plaintiff was wrongfully terminated for her June 30 and July 1, 2018 absences that were protected by the FMLA.

21. At all times during her employment with Defendant, Plaintiff has performed her job in an exemplary manner.

22. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

23. At all times relevant, Plaintiff was acting as an employee.

24. Defendant, through their agents, representatives and employees, were predisposed to discriminate against Plaintiff on the basis of her use and need of FMLA and

retaliate against Plaintiff for her filing a Complaint for sexual harassment and acted in accordance with that predisposition.

25. Defendant' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## VIOLATION OF FMLA

26. Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Mayco was Plaintiff's "employer" within the meaning of the FMLA.

28. In December, 2017 Plaintiff requested and was approved for intermittent medical leaves which were protected under FMLA and which were initially approved by the Employer.

29. On or about July 11, 2018 Plaintiff requested and was not approved for intermittent medical leaves which were protected under FMLA and which were initially approved by the Employer in December, 2017.

30. Plaintiff's request for intermittent FMLA leave in July, 2018 was within the twelve month period in which Defendant initially approved FMLA leave.

31. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because she exercised rights under the FMLA.

32. As a result of Plaintiff asserting her right to a FMLA leave, she was subjected to adverse employment action including termination.

33. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

  d. Severe mental anguish and distress;

  e. Embarrassment and humiliation;

  f. Fright, shock, and mortification;

  g. Loss of earnings and other employment benefits; and

  h. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIAITON

34. Plaintiff incorporates by reference paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender.

36. Plaintiff's sex was a factor in Defendant's employment decisions.

37. Defendant Mayco was Plaintiff's employer within the meaning of the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

38. During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome sexual harassment creating a hostile work environment by Defendant.

39. The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

40. Plaintiff complained to upper management of Defendant, that she was being discriminated against due to her sex and that she was being subjected to a hostile work environment.

41. Defendant Mayco had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

42. Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendant Mayco failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her gender and in retaliation for her complaints of sexual harassment and gender discrimination.

43. The sexual harassment and gender discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

44. On or about August 8, 2017 Plaintiff engaged in a protected activity under the ELCRA and filed a suit in the Macomb County Circuit Court for sexual harassment and retaliation, Case No. 17-2900-CD.

45. As a result of Plaintiff engaging the aforementioned protected activity Defendant denied her request for intermittent FMLA leave despite it having been previously approved within a twelve month period, thereby giving Defendant a pretext for terminating Plaintiff.

46. As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: January 22, 2019

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Violeta Dushaj, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: January 22, 2019