**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIOLETA DUSHAJ,

    Plaintiff,

v.

MAYCO INTERNATIONAL LLC, a Michigan limited liability company,

    Defendant.

Case No: 5:19-cv-10226

Hon. Judith E. Levy

| | |
|---|---|
| SCOTT P. BATEY (P54711)<br>Batey Law Firm, PLLC<br>Attorney for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI  48025<br>(248) 540-6800-telephone<br>(248) 540-6814-fax<br>sbatey@bateylaw.com | SHERYL A. LAUGHREN (P34697)<br>SANDRO D. DIMERCURIO (P80704)<br>Berry Moorman P.C.<br>Attorneys for Defendant<br>535 Griswold, Suite 1900<br>Detroit, MI  48226<br>(313) 496-1200-telephone<br>(313) 496-1300-fax<br>slaughren@berrymoorman.com<br>sdimercurio@berrymoorman.com |

## **MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

    NOW COMES Scott P. Batey and the Batey Law Firm and for their Motion to Withdraw as Counsel for Plaintiff, Violeta Dushaj states as follows:

    1.    On or about January 23, 2019, Plaintiff's Counsel filed a Complaint on behalf of Plaintiff against Defendant Mayco International LLC.

    2.    Plaintiff's Counsel has spent a significant amount of time conducting extensive legal research and discovery in this matter, as well as considerable time attempting to communicate with Plaintiff.

    3.    Plaintiff's Counsel has attempted to assist Plaintiff in responding to Defendant's written discovery.

4. It has become apparent to Plaintiff's Counsel that a serious breakdown of the attorney-client relationship occurred to the extent that Plaintiff's Counsel can no longer effectively represent Plaintiff.

5. Subsequent discussions with Plaintiff and Plaintiff's Counsel confirmed that a serious breakdown of the attorney-client relationship occurred to the extent that Plaintiff's Counsel can no longer effectively represent Plaintiff.

6. Upon information and belief, Plaintiff does not object to Plaintiff's Counsels' Motion to Withdraw as Counsel in this matter.

7. Plaintiff's interests would not be materially adversed if Plaintiff's Counsel were permitted to withdraw and good cause exists for Plaintiff's Counsel to withdraw.

WHEREFORE, attorneys, Scott P. Batey and the Batey Law Firm, PLLC, respectfully request this Honorable Court enter an Order allowing them to withdraw as attorneys for Plaintiff.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-phone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: September 25, 2019


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIOLETA DUSHAJ,

    Plaintiff,

v.

MAYCO INTERNATIONAL LLC, a
Michigan limited liability company,

    Defendant.

Case No: 5:19-cv-10226

Hon. Judith E. Levy

| | |
|---|---|
| SCOTT P. BATEY (P54711)<br>Batey Law Firm, PLLC<br>Attorney for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI  48025<br>(248) 540-6800-telephone<br>(248) 540-6814-fax<br>sbatey@bateylaw.com | SHERYL A. LAUGHREN (P34697)<br>SANDRO D. DIMERCURIO (P80704)<br>Berry Moorman P.C.<br>Attorneys for Defendant<br>535 Griswold, Suite 1900<br>Detroit, MI  48226<br>(313) 496-1200-telephone<br>(313) 496-1300-fax<br>slaughren@berrymoorman.com<br>sdimercurio@berrymoorman.com |

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

It is well established that an attorney who has entered an appearance may withdraw from the action or be substituted only with the consent of the client or by leave of the court.  "[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: ... other good cause for withdrawal exists." *Ambrose v. Detroit Edison Co.* 65 Mich. App. 484, 488 (1975).  The Court in *Ambrose* determined that "good cause" to withdraw when "the client has caused a total breakdown in the attorney-client relationship." *Ambrose,* 65 Mich. App. at 488 (1975).  Moreover, "the relations between attorney and counsel are of a delicate and confidential nature.  They should have faith in each other, and their relations should be such that they can cordially co-operate.  What is a sufficient cause to justify an attorney in abandoning a case in which he has been retained has

not been laid down by any general rule, and in the nature of things cannot be...." <u>Ambrose</u>, 65 Mich. App. at 488-489 (1975) quoting <u>Genrow</u> v. <u>Flymm</u>, 166 Mich. 564, 567-568 (1911).

In the case at bar, Plaintiff and Plaintiff's Counsel engaged in privileged discussions regarding the facts and the merits of the case.  During those discussions, it became apparent that there had been a total breakdown in the attorney-client relationship to the extent that Plaintiff's Counsel can no longer represent Plaintiff.  The breakdown in the attorney-client relationship prevents Plaintiff's Counsel from effectively representing Plaintiff.

WHEREFORE, attorneys, Scott P. Batey and the Batey Law Firm, PLLC, respectfully request this Honorable Court enter an Order allowing them to withdraw as attorneys for Plaintiff.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

BY: /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, MI  48025
     (248) 540-6800-phone
     (248) 540-6814-fax
     sbatey@bateylaw.com

Dated: September 25, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 25, 2019, I electronically filed Plaintiff's Motion to Withdraw as Counsel for Plaintiff with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys on record.

                                        /s/Roslyn Cockrell
                                        Roslyn Cockrell
                                        Paralegal to Attorney Scott P. Batey